ALD-061                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3578
_____

STATE OF DELAWARE

v.

LEROY HEFLEY,
                                  Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 10-cv-00360)
District Judge: Honorable Sue L. Robinson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010

Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit Judges</u>

(Filed: December 14, 2010)
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

    Appellant Leroy Hefley filed a Notice of Removal pro se pursuant to 28 U.S.C. §

1446 in the United States District Court for the District of Delaware, seeking to remove

his state criminal case, Del. Crim. No. 0709007937, from the Kent County Superior

Court.  According to the state court criminal docket Hefley attached to the removal papers, he was charged with disorderly conduct, making terroristic threats, criminal mischief and harassment, and convicted in November, 2007.  Hefley appealed the judgment of conviction, and it appears that he contended on appeal, at a minimum, that his constitutional rights to counsel and to confront his accuser were violated.  The Delaware Superior Court affirmed on November 18, 2008, and the state supreme court dismissed an appeal on May 27, 2009.  Hefley filed a motion for post-conviction relief on July 29, 2009, which was summarily dismissed.  On January 15, 2010, the state supreme court affirmed the judgment of the Superior Court.

In his removal petition, which was filed on April 28, 2010, Hefley contended that the state court is racist and biased.  He asserted that he cannot get a fair trial and the state supreme court "rubber stamps" the decisions of the Superior Court.  In an order entered on July 26, 2010, the District Court ordered the matter remanded to state court.  Noting that removal of state criminal matters is permitted under 28 U.S.C. § 1443(1), the court concluded that Hefley's allegation of racism might provide a basis for subject matter jurisdiction.  But Hefley also had to show that he cannot enforce his rights in state court, and clearly he had not done so.  Moreover, his removal petition was untimely filed, and the District Court concluded that there was no good cause for his failure to timely remove his case.

Hefley appeals.  Our Clerk advised him that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  He was invited to submit

2

argument in writing, and he has done so.  We have reviewed and considered that submission.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal.  Third Circuit LAR 27.4 and I.O.P. 10.6.  We have jurisdiction under 28 U.S.C. § 1447(d), which provides that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, *except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal* or otherwise."  Id. (emphasis added).  As explained by the District Court, Hefley removed his criminal prosecution under section 1443.

The District Court properly ordered the matter remanded to state court.  Section 1443(1) provides: "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States...: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States...."  28 U.S.C. § 1443(1).  An individual seeking removal of a state criminal case to federal court must satisfy a two-part test: he must allege a denial of his rights on account of race, and that he cannot enforce his federal rights in state court.  See Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975).  Moreover, "[a] notice of removal of a criminal prosecution shall include all grounds for such removal.  A failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds…."  28 U.S.C. § 1446(c)(2).

Hefley was able to exercise his right to appeal and to assert constitutional claims in state court and there is nothing unusual about his criminal prosecution. "Except in the unusual case … it [is] to be expected that the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." Johnson, 421 U.S. at 219-20. Removal is not warranted when it is based "solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." Id. at 222. If Hefley believes that "he is in custody in violation of the Constitution or laws or treaties of the United States," he may challenge his conviction by applying in federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Moreover, we agree with the District Court that the removal petition was not timely filed. Section 1446(c)(1) provides that a "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." Hefley was tried and convicted in 2007, and he has completed two rounds of appeals in state court. In the absence of any other evidence, the delay of 2½ years weighs heavily against a finding of good cause. The District Court did not abuse its discretion in concluding that Hefley did not show good cause for the delay in removing his state criminal case to federal court.

4

For the foregoing reasons, we will summarily affirm the order of the District Court remanding the matter to state court.